IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-00433-CMA-CBS

MAYFLOWER TRANSIT, LLC,

    Plaintiff,

v.

CRAFTMASTER CUSTOM BUILDING SYSTEMS, LLC,
a Colorado Limited Liability Company,
RODERICK BRYANT, and
SHARON BRYANT,

    Defendants.

---

**ORDER ENTERING DEFAULT JUDGMENT AGAINST
DEFENDANTS CRAFTMASTER CUSTOM BUILDING SYSTEMS, LLC,
RODERICK BRYANT AND SHARON BRYANT**

---

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. # 20), filed on May 26, 2010. On February 25, 2010 Plaintiff filed a civil complaint against Defendants Craftmaster Custom Building Systems, LLC, Roderick Bryant and Sharon Bryant (collectively, the "Defendants") to enforce a May 29, 2009 Bill of Lading for the interstate shipment of Roderick and Sharon Bryant's household goods from California to Colorado. Roderick and Sharon Bryant (the "Bryants") were served with a summons and copy of Plaintiff's complaint on March 5, 2010. Craftmaster Custom Building Systems, LLC ("Craftmaster") was similarly served on April 6, 2010.

None of the Defendants responded to the Complaint or otherwise appeared in this matter.

On Plaintiff's motion, the Clerk of this Court entered default against the Bryants on April 14, 2010, and against Craftmaster on May 3, 2010. On May 26, 2010 Plaintiff moved for entry of default judgment with supporting affidavits and exhibits. No hearing was held in this matter. The Defendants failed to appear, answer the Complaint, or make any effort to defend this action after personal service was effectuated. The Court has reviewed the Motion, the exhibits and affidavits, the entire case file, and the applicable law and is sufficiently advised in the premises. Plaintiff's Motion for Entry of Default Judgment is granted.

## I. STANDARD OF REVIEW

Default judgment may enter against a party who fails to appear or otherwise defend. Pursuant to Fed. R. Civ. P. 55(b)(2), judgment by default may be entered:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and accord a right of trial by jury to the parties when and as required by any statute of the United States.

"The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

## II.  FINDINGS AND CONCLUSIONS

Plaintiff has filed an affidavit asserting that none of the Defendants are infants, incompetents, or officers or agents of the United States. By failing to file a pleading or otherwise defend, Defendants have admitted Plaintiff's allegations as pleaded in the complaint. *See, e.g., Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (upon default, defendant admits plaintiff's allegations). Plaintiff's Complaint and the Affidavit of Janice M. Eye supporting the Motion for Entry of Default Judgment establish that $7,740.71 remains outstanding on Defendants' obligation under the Bill of Lading.

Plaintiff also requested attorneys fees and costs in its May 26, 2010 Motion. As required by D.C.COLO.LCivR 54.3, Plaintiff filed an affidavit supporting this request by providing a detailed description of the services rendered, the amount of time spent by each billing attorney, the hourly rate, and the total amount claimed, as well as a summary of the relevant qualifications and experience of the billing attorneys who worked on this matter. Such fees are reasonable and shall be granted as requested. Accordingly,

IT IS ORDERED that Plaintiff Mayflower Transit, LLC's Motion for Entry of Default Judgment, filed May 26, 2010, is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is awarded damages against Defendants Craftmaster Custom Building Systems, LLC, Roderick Bryant and Sharon Bryant as follows:

A. Awarding $7,740.71 in liquidated damages under the Bill of Lading;

B. Awarding post-judgment interest from the date of entry of this Judgment as provided by law; and

C. Awarding $2,801.58 in attorneys' fees and costs.

DATED this   23rd   day of June, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge